NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN S. PATTERSON, Pro Se<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, et al.<br><br>Defendants. | Civil Action No.: 09-5427 (PGS)<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on Plaintiff, Brian S. Patterson's (Plaintiff's) motion for reconsideration of the Court's Order dismissing Plaintiff's race discrimination claim due to the fact that Plaintiff did not timely comply with the statutory procedural requirements. Plaintiff claims that during oral argument on his initial motion, he was "distracted and did not articulate the EEO Administrative Process" clearly.

Motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(I). The "extraordinary remedy" of reconsideration is "to be granted sparingly." *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). The Rule "does not contemplate a Court looking to matters which were not originally presented." *Damiano v. Sony Music Entertainment, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc., v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). "Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc.*, 935 F. Supp. at 516; *See* Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1.  Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises.  *See, North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995*)*. Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and only when "dispositive factual matters or controlling decisions of law" were brought to the Court's attention but not considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987).  *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

In a case such as this where the Plaintiff is appearing pro se, the Court must afford substantial deference to the pleadings submitted by the plaintiff pro se. *Telfair v. Tandy*, Civ. No. 08-731, 2008 WL 4661697 (D.N.J. Oct. 20, 2008).

Facts

Patterson argues that his letter of resignation included notice to appropriate federal officials of his racial discrimination claim. Patterson asserts that since the letter requested a "full investigation" and this reference according to Patterson was sufficient notice of his racial discrimination claim at the time of his departure. Mr. Patterson's letter of resignation dated October

31, 2006 reads:

> I, Brian S. Patterson employed at 2 Federal Square, Newark, NJ on this day October 31, 2006 regretfully officially resign from my position as the Maintenance Support Technician PS-06 under grievance and protest for the following reasons, (1) violations of my FMLA rights, (2) harassment by supervisor; (3) unfair labor practices by supervisor and U.S. Postal Service; (4) bullying and intimidating work environment by supervisor; (5) singling out and reprisal tactics by supervisor. I would like a full investigation into these matters before I return to work at the U.S. Postal Service.

This letter was addressed to the United States Postal Service in Greensboro, North Carolina, and others were copied including the Equal Employment Opportunity Commission ("EEOC") and the Department of Labor.

In a response to the letter of resignation, an investigator of the EEOC acknowledged receipt of it and referred to it as an "inquiry". The investigator's response indicated that "you have not filed a charge of discrimination," and then advised Patterson of operative time frames in which to do so. Patterson never replied to the EEOC.

The USPS regional manager of equal employment opportunity dispute resolution, Eriberto Cedeno, reviewed Patterson's letter of resignation. Cedeno claims that Patterson's letter was insufficient to initiate a racial discrimination claim within the USPS. Cedeno asserts that in order to initiate a racial discrimination claim, an employee must call a toll free telephone number and talk with a counselor. 29 CFR § 1614.105(a). All USPS employees are advised of this procedure, but Patterson did not make any such call, and the letter of resignation was never considered notice of a racial discrimination claim.

Case 3:09-cv-05427-PGS-DEA   Document 51   Filed 11/02/11   Page 4 of 4 PageID: 671

Although Mr. Cedeno did not address the substance of Patterson's letter of resignation, a fair reading of it clearly shows the letter does not assert any racial discrimination claim. Most notably, Patterson alleges FMLA violations and unfair labor practices. There is nothing to suggest that racial discrimination was at issue when he filed his resignation.

Based on the above findings, and giving deference to the plaintiff *pro se*, the Court finds that the motion for reconsideration lacks merit.  There is no intervening change in the law, no new evidence, and there is no clear error of law or manifest injustice in the Court's previous order;

IT IS on this 25th day of October, 2011

ORDERED that Plaintiff's motion for reconsideration is denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

4